## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**De MARIO BLAKE GRIFFIN**

                    **PETITIONER**

**VS.**                       **No. 2:23-cv-00180 BSM/PSH**

**CHAD GARRETT, Warden,**
**FCI Forrest City**

                            **RESPONDENT**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.    You may file written objections to all or part of this Recommendation.    If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.    By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

De Mario Blake Griffin ("Griffin"), an inmate in the custody of the

United States housed at Forrest City Federal Correctional Institution, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.   The Court recommends that this application be denied without prejudice.

In September 2008, Griffin was sentenced by the United States District Court, Western District of Missouri, to 327 months' imprisonment for being a felon in possession of ammunition.   *See* Docket entry no. 9-1.   Griffin's sentence was based, in part, on his previous felony convictions.   *See* 18 U.S.C. § 924(e)(1).   On direct appeal, Griffin advanced three arguments, one of which was that the trial court erred in sentencing him.   The appellate court affirmed the conviction, and addressed the sentencing complaint as follows:

> As for Griffin's sentence, to the extent he preserved his challenges to the armed-career-criminal enhancement, we find no error. *See* 18 U.S.C. § 924(e) (requiring that a person who violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense be imprisoned not less than fifteen years); U.S.S.G. § 4B1.4; *United States v. Jones*, 574 F.3d 546, 549 (8th Cir.2009) (standards of review). Griffin's qualifying convictions include his Missouri convictions for first-degree felony domestic assault, second-degree felony domestic assault, and possession with intent to distribute a controlled   substance, the last of which occurred when Griffin was age seventeen but had been certified as an adult.

*United States v. Griffin*, 394 F. App'x 349, 351–52 (8th Cir. 2010).

Griffin subsequently sought relief from the sentencing court, filing a petition pursuant to 28 U.S.C. § 2255.   He cited three instances of ineffective counsel, including a claim that trial counsel failed to argue that his previous convictions did

not qualify him for armed-career-criminal status under 18 U.S.C. § 924(e)(1).    In a May 2013 Order, the Court found Griffin's counsel had indeed challenged the armed-career-criminal status designation, objecting to the Pre-Sentence Investigation Report and orally objecting during sentencing.    These arguments, however, failed both at sentencing and on direct appeal.    *See* Doc. No. 9-2, pages 6-7.

On August 4, 2023, the Eighth Circuit Court of Appeals denied Griffin's motion for authorization to file a successive habeas application.    *See* Doc. No. 9-3.

The petition now before this Court, filed on August 21,   advances one argument  – he should not have been sentenced as an armed career criminal.

**Analysis**

Garrett correctly contends the petition should be dismissed for lack of jurisdiction.

Typically, § 2241 petitions address either the execution of a sentence or the conditions of confinement, not the imposition of a sentence.    *Cain v. Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986).    *See also United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000).    According to *Lurie*, § 2241 relief may be pursued only if Griffin demonstrates § 2255 relief is inadequate or ineffective.    *See also Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

The *Lurie* Court addressed the issue of the inadequacy or ineffectiveness of section 2255 relief:

> While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. . . (citation omitted).   Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , . . . (citations omitted), or because a second or successive § 2255 has been dismissed, . . . (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

The Court further noted that the petitioner bears the burden of showing § 2255 relief to be inadequate or ineffective.   *See, also, Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir. 1986).   The claim Griffin raises, the improper designation as a career armed criminal, is clearly a challenge to the imposition of a sentence, and is not related to the execution of the sentence or to the conditions of confinement.   As such, this claim is typically cognizable in a § 2255 petition filed with the trial court, not in a § 2241 petition filed with this Court, absent Griffin's demonstration that § 2255 is inadequate or ineffective.   *Cf. Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019) (§ 2241 improper remedy in district of incarceration to challenge the sentencing court's decision on whether sentence was to be consecutive or concurrent).

4

Section 2255 is not an inadequate remedy for Griffin merely because he has previously been denied relief under its provisions, or because he has previously been denied permission to file a second or successive petition with the trial court. The statutory framework is clear – the ultimate decision on permission to file a second or successive petition is to be given by the Eleventh Circuit Court of Appeals, not by this Court. There is no statutory provision allowing Griffin, without showing § 2255 to be inadequate or ineffective, to sidestep this permission process and directly seek relief in a district court in the jurisdiction where he is in custody. He fails to make the requisite showing, and this Court is accordingly without jurisdiction to consider his petition.

The petition should be dismissed for the reasons stated herein. The dismissal should be without prejudice, to allow Griffin to pursue § 2255 relief by seeking authorization from the Eleventh Circuit Court of Appeals to file a second or successive petition with the trial court. See 28 U.S.C. § 2255(h). The relief requested should be denied, and judgment entered for Garrett.

IT IS SO ORDERED this 20th day of November, 2023.

_____
UNITED STATES MAGISTRATE JUDGE